IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER INC. and UCB PHARMA GMBH, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SANDOZ INC., *et al.*, ) <br> ) <br> Defendants. ) | C.A. No. 13-1110-GMS <br> **CONSOLIDATED** |

**MEMORANDUM**

**I.      INTRODUCTION**

In this consolidated patent infringement action, the plaintiffs Pfizer Inc. and UCB Pharma GmbH (collectively, "the Plaintiffs") allege that each of the defendants Accord Healthcare Inc., USA, Amerigen Pharmaceuticals Ltd., Amerigen Pharmaceuticals, Inc., Amneal Pharmaceuticals, LLC, and Sandoz Inc. ("Sandoz") (collectively, "the Defendants") infringe the asserted claims of the patents-in-suit, U.S. Patent Nos. 7,384,980 ("the '980 Patent"), 7,855,230 ("the '230 Patent"), 7,985,772 ("the '772 Patent"), 8,338,478 ("the '478 Patent"), and 6,858,650 ("the '650 Patent"). The court held a four-day bench trial on July 13 through July 16, 2015.

The court has already ruled on the issues of indefiniteness, anticipation, and infringement. During the trial, the Plaintiffs moved pursuant to Federal Rule of Civil Procedure 52(c) for judgment on partial findings on the issue of anticipation and indefiniteness of the '650 Patent. The court orally granted the Plaintiffs' motion, finding the '650 Patent was not anticipated by the reference PCT/EP99/03212 ("the '212 Application") because both inventions were the work of Dr. Meese. Sandoz and the Plaintiffs filed Rule 52(c) motions on the issue of infringement of claim

1 of the '980 Patent and claim 3 of the '230 Patent. (D.I. 272, 273.) The court ruled in favor of the Plaintiffs, finding "fesoterodine" in the claims included the salt form of the compound.

Presently before the court are two motions pursuant to Federal Rules of Civil Procedure 52(b) and 59(e). The Defendants move the court to amend the findings and judgment on anticipation (D.I. 283), and Sandoz moves to amend the order and judgment on infringement (D.I. 285). For the reasons that follow, the court denies both motions.

## II. DISCUSSION

### A. Standard of Review

A motion under Rule 52(b) or 59(e) is the functional equivalent of a motion for reconsideration. *Butamax Advanced Biofuels LLC v. Gevo Inc.*, No. 12-1036, 2015 WL 4919975, at *1, (D. Del. Aug. 18, 2015). A motion for reconsideration is an extraordinary remedy. *See, e.g., LG Elecs. v. ASKO Appliances, Inc.*, No. 08-328, 2011 U.S. Dist. LEXIS 37908, at *2 (D. Del. Apr. 7, 2011). A court may alter or amend its judgment if the movant demonstrates either: (1) a change in the controlling law; (2) availability of new evidence not available when the decision issued; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See id.* The law and available evidence in this case have not changed since the trial. The Defendants argue that the court committed clear error in reaching its rulings on anticipation and infringement.

### B. Anticipation of the '650 Patent

The court found the '650 Patent is not anticipated by its reference to fesoterodine in the '212 Application because both are the work of Dr. Meese. A patentee's "own work may not be considered prior art in the absence of a statutory basis." *Riverwood Int'l Corp. v. R.A. Jones & Co.*, 324 F.3d 1346, 1355 (Fed. Cir. 2003). The Defendants now, for the first time, claim that the '212 Application should not be considered Dr. Meese's own work because *two* inventors are

2

listed—Dr. Meese and Dr. Sparf. Thus, the Defendants argue, the '212 Application was the work of a separate inventive entity and may be considered prior art.

The Defendants' belated arguments have deprived the court of the opportunity to fully hear evidence on this issue. When the court found that there was "no dispute that the cited document, the '212 application, is the work of . . .. Claus Meese," it was because the Defendants *did not raise any dispute* on the issue. Tr. at 662:6–17. Despite having opportunities in the Pretrial Order (PTO) (D.I. 256), during the Pretrial Conference (D.I. 262), and at trial, the Defendants never raised the inventorship of fesoterodine as an issue of fact for the court to resolve. In the PTO, the Plaintiffs clearly laid out their assertion that Dr. Meese was the inventor of the relevant portions of the '212 Application. The Defendants' disclosed anticipation argument was completely silent on the issue.

The Defendants claim their "anticipation position was also the subject of inquiry" during their examinations of Drs. Meese and Sparf. (D.I. 295 at 5.) The court's rules require *explicit* disclosure of all legal and factual issues. A line of questioning giving rise to a vague inference of a legal theory does not satisfy the requirement for notice. It is no wonder the Plaintiffs did not present more affirmative evidence on the issue.[1] The court was therefore left only with the minimal evidence required to establish the Plaintiffs' uncontested assertions that Dr. Meese was the inventor of fesoterodine.

Even assuming the Defendants did not waive this argument, the evidence on the record is sufficient to support the court's original ruling. The fact that the '212 Application lists two inventors is not dispositive. Contrary to the Defendants' assertions, *Riverwood* is on all fours with

---

[1] The Defendants complain that "at trial, Plaintiffs *never* once showed Dr. Meese the '212 application, *never* sought testimony regarding his contributions, and *never* sought the identification of specific portions they *now* claim he was "solely" responsible for." (D.I. 295 at 3 (emphasis in original).) But without notice of the Defendants' theory of separate inventive entities, the Plaintiffs had no need to focus on the inventorship of fesoterodine as a contested issue. The court's rules on notice aim to avoid precisely this type of situation.

3

this case. In *Riverwood*, three patents were at issue: the '806 patent, the '361 patent, and the '789 patent. The defendants sought to use the '806 patent as prior art by admission against the '361 and '789 patents. Just as in this case, the patents were issued to different inventive entities with one inventor in common: The '806 patent issued to Ziegler, Olson, and Lovold; the '361 patent issued to Ziegler, Lashyro, and Vulgamore; and the '789 patent issued to Ziegler only.

The plaintiff in *Riverwood* presented evidence that the '361 patent incorrectly named Lashyro and Vulgamore as inventors, and requested the court to correct the error. The Defendants erroneously use this to argue that the "own work" exception to admitted prior art applies *only* if the named inventors are *exactly* the same. This is contrary to the Federal Circuit's assertion that "[w]hat is significant is not merely the differences in the listed inventors, but whether the portions of the reference relied on as prior art, and the subject matter of the claims in question, represent the work of a common inventive entity." *Riverwood Int'l Corp. v. R.A. Jones & Co.*, 324 F.3d at 1356 (Fed. Cir. 2003) (internal citation omitted).

The Defendants ignores the full picture in *Riverwood*. Notably, the plaintiff in Riverwood did not try to "correct" the inventorship on the other multi-inventor patent at issue, the '806 patent. Rather, it "presented evidence that Ziegler was the sole inventor of the *subject matter* of the '806 patent that [the defendant] intended to rely on as prior art to the '789 and '361 patents." *Id.* (emphasis added). The Federal Circuit reasoned that if "Ziegler was the sole inventor of the portions of the '806 patent relied upon by [the defendant] in its obviousness arguments, then the '806 patent is not prior art to the '789 patent." *Id.* at 1357.

The same applies here. The Plaintiffs do not claim that Dr. Sparf did not contribute to the '212 Application. Rather, his contribution is not relevant to the issue of anticipation of the '605 patent. The court finds the record supports a finding that Dr. Meese alone invented the form of

4

fesoterodine disclosed in the '212 Application. (D.I. 288 at 4–6.) Therefore, the court has not committed a clear error of fact. The Defendants' motion (D.I. 283) is denied.

### C. Infringement of the '230 and '980 Patents

In its attempt to recast its earlier procedural objections as substantive complaints, Sandoz rehashes arguments the court has already addressed and ruled against. Sandoz takes issue with the court's conclusion that in the asserted claims, "fesoterodine" includes its salt forms. Sandoz had the opportunity to aid the court in its construction before now by raising the issue during the *Markman* hearing, at the Pretrial Conference, or by presenting evidence at trial. Yet Sandoz disingenuously claims it did not have the opportunity to earlier present its arguments.

Sandoz argues that the court improperly credited Dr. Chyall's testimony in determining the scope of the claims. Contrary to Sandoz's assertions, the court did not abdicate its responsibility to construe the claims at issue. The court considered not only Dr. Chyall's testimony, but also language of the claims. (D.I. 276 at 4–5.) Claim construction is within the domain of the court. Sandoz would like the court to change its mind about its construction. The court declines to do so. There is no manifest injustice where Sandoz repeatedly failed to argue its case. Sandoz's motion (D.I. 285) is denied.

Dated: November 4, 2015

UNITED STATES DISTRICT JUDGE

5